**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL J. RAPPE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-6172 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| UNKNOWN TRAIN CONDUCTOR, et al., | ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Metra and Defendant Union Pacific's combined motion to dismiss [30] for failure to state a claim. For the reasons set forth below, the combined motion to dismiss is granted in part and denied in part. The case is set for further status hearing on April 21, 2020 at 9:00 a.m. Plaintiff is given until April 13, 2020 to file an amended complaint in accordance with this opinion.

**I.     Background**

The following facts are taken from Plaintiff Daniel Rappe's operative complaint [29].[1] Plaintiff is a white man who was riding the commuter rail on September 11, 2016. Defendant Northeast Illinois Regional Commuter Railroad Corporation ("Metra") and Defendant Union Pacific Railroad ("Union Pacific") operate commuter rail services in the Chicagoland area. The complaint alleges that Plaintiff was on the Union Pacific North (UPN) line, but it is unclear which Defendant operates that line.

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff was riding a UPN train operated by Metra and/or Union Pacific at 10:00 p.m. He observed Defendant Eric Leodis French ("French"), a Black man, acting aggressively and subjecting white passengers to racial epithets, such as "honkey" and "cracker." Although Defendant conductor ("unnamed conductor"), who happened to be Black, was present, the unnamed conductor did nothing. Instead, he laughed along with another passenger. Plaintiff claims to have observed the conductor laughing along with French in the past as well. Plaintiff told French off, because a mother and child were present. When French turned his ire toward Plaintiff, the conductor continued to do nothing.

When Plaintiff tried to disembark the train in Waukegan, French got off as well and battered Plaintiff on the train platform. The unnamed conductor did not intervene until the battery was underway. Plaintiff alleges a conspiracy between French and the unnamed conductor given the friendly relationship the two had. Plaintiff suffered serious physical and psychological injuries from the beating. Because of a preexisting disability, however, he was unable to testify at French's criminal trial, and the charges against French were dropped.

Plaintiff filed his initial pro se complaint [1] on September 10, 2018. The Court granted leave to proceed *in forma pauperis* [8], and noted that jurisdiction was contingent upon the federal claims. [*Id.* at 1, n.1.] After Union Pacific and Metra moved to dismiss [16], the Court granted Plaintiff leave to file an amended complaint [28]. The Court noted in the interim that the case hinges upon Plaintiff's ability to allege "the facts, if any, that would support a claim that Defendants are state actors, violated Plaintiff's rights, and/or engaged in any conduct that caused Plaintiff's injuries." [25.] Before the Court is Metra and Union Pacific's combined motion to dismiss [30] Plaintiff's amended complaint [29].

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

It is also proper for the Court to "consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675

F.3d 743, 745 n.1 (7th Cir. 2012)); see also Fed. R. Civ. P. 10(c). Finally, because Plaintiff is proceeding pro se, his complaint must be construed liberally. See *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) ("'[a] document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'" (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam))).

## III. Analysis

### A. Federal Claims

Union Pacific and Metra move to dismiss the federal claims, brought pursuant to §§ 1983 and 1985, because they claim that they are, respectively, not a state actor and cannot be held liable under *Monell*. Because the Court concludes that these claims must be dismissed, it need not reach Defendants' alternative argument that Plaintiff's Fifth Amendment claim is redundant or somehow inapplicable.

Preliminarily, however, the Court notes that Plaintiff's response brief, even construed liberally, does not address any of the grounds for dismissal identified in the motion to dismiss. Instead of addressing questions of whether Union Pacific and Metra can be sued under § 1983 (the focus of the motions to dismiss and the Court's previous orders), Plaintiff focused his response on the fact that fact-based questions regarding the scope of employment should be presented to a jury. See generally [36]. The problem for Plaintiff is that from the employer's perspective it does not matter if the unnamed conductor acted within the scope of his employment if the employer cannot be held liable under § 1983. Thus, notwithstanding Plaintiff's pro se status, he "forfeited any counter-arguments he might have made and therefore his claims." *Bates v. Harden*, 2019 WL 3554118, at *1 (N.D. Ill. Aug. 2, 2019) (citing *Lee v. Northeast Illinois Regional Commuter*

*Railroad Corporation*, 912 F.3d 1049, 1054 (7th Cir. 2019)). In any event, each of his federal claims against Union Pacific and Metra fails as a matter of law.

1. **Union Pacific is not a state actor**

To state a claim under § 1983, a plaintiff must show: (1) his constitutional rights were violated (2) by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). A private actor may be sued under § 1983 only if the private actor's conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The Seventh Circuit does not apply a rigid test for determining whether a seemingly private actor acted under color of state law, but it has explained that "[p]rivate action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; where the state compels the discriminatory action; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity, or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815-16 (7th Cir. 2009) (internal citations omitted). "Although these are usually fact intensive inquiries, appellate courts routinely affirm dismissals under Rule 12(b)(6) where the plaintiff cannot show that the defendants are state actors for the purposes of liability under Section 1983." *Hu v. American Bar Ass'n*, 568 F. Supp. 2d 959, 963 (N.D. Ill. 2008) (collecting cases).

Plaintiff pleads that the unnamed conductor was either a Metra employee or a Union Pacific employee. Because there would be no basis for Union Pacific's liability if the unnamed conductor worked for Metra, the Court assumes in this section that Plaintiff was a Union Pacific employee.

5

Even construing Plaintiff's complaint liberally, however, the Court cannot plausibly infer that Union Pacific is a state actor. First, there is no indication that the unnamed conductor conspired with a state actor "to deprive a person of constitutional rights." *Hallinan*, 570 F.3d at 815 (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). Indeed, the only person with whom the conductor arguably conspired was French, who is not a state actor. Second, there is no indication that the state *compelled* the conductor to stand back—to the contrary, Plaintiff cites statements suggesting Metra prioritized its passengers' safety. [29, ¶ 24.] Third, there is no indication that Union Pacific is actually controlled by the government or that they are entwined in management and control. Fourth, private actors can be liable under § 1983 if they "performed traditionally *exclusive* sovereign functions." See *Tom Beau Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015). Here, there is no indication that passenger rail travel was traditionally provided exclusively by the sovereign. See *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 383-85 (1995) (explaining that Congress created Amtrak because passenger rail, heretofore a *private* enterprise, was dying out). Finally, to the extent that the "nexus" theory is a freestanding test, Plaintiff must still show that the state is "somehow responsible for the allegedly unlawful actions taken by the private party." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Here, there are no facts showing that the state is somehow responsible for Union Pacific's conductor's actions. *Id.* Plaintiff's conclusory allegations in his complaint—that Union Pacific receives state funds, is authorized and regulated by the state, and engages in interstate commerce—are also nonstarters. *Manhattan Community Access Corporation v. Halleck*, 139 S. Ct. 1921, 1932-34 (2019) (collecting cases and dismissing these arguments).

Even though the Court previously indicated to Plaintiff that his amended complaint must include "the facts, if any, that would support a claim that Defendants are state actors" and directed

Plaintiff to Defendant's first motion to dismiss [18], which outlined the relevant legal tests, the amended complaint does not contain any facts from which the Court can infer that Union Pacific is a state actor. Accordingly, it cannot be held liable under § 1983 (and 1985). The federal claim against Union Pacific is dismissed with prejudice.

## 2. Metra cannot be held liable under *Monell*

*Monell* recognizes a theory of municipal or agency liability for actions brought under 42 U.S.C. § 1983. See generally *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As Metra is a municipal corporation,[2] it can only be liable for its employee's actions under *Monell*. To state a claim under *Monell*, a plaintiff must plead that his or her constitutional injury was caused by one of the following: "(1) the enforcement of an express policy of the [corporation], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *E.g.*, *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (citations omitted).

Plaintiff's § 1983 claim against Metra cannot proceed under any theory. First, the only express policy that Plaintiff alludes to is the Metra website, which states, "Safety is Metra's number one priority." [29, ¶ 24.] Assuming arguendo that this is an express Metra policy, the conductor's alleged (in)actions were not taken pursuant to this policy. As Plaintiff himself acknowledges, the fight *contravened* the policy, leaving no basis for *Monell* liability under the express policy prong. Second, Plaintiff alleges that (a) Metra has been hit with several lawsuits

---

[2] Plaintiff has not addressed whether Metra is a municipal corporation, but courts regularly analyze Metra's § 1983 liability under the *Monell* framework. *E.g.*, *Hudson v. Northeast Illinois Regional Commuter Railroad Corporation*, 2018 WL 1762439, at *2, (N.D. Ill. Apr. 12, 2018); *Rikas v. Babusch*, 2014 WL 960788, at *2 (N.D. Ill. Mar. 12, 2014); *Tyler v. Northeast Illinois Regional Commuter Railroad Corp.*, 2018 WL 5977925, at *3 & n.5 (N.D. Ill. Nov. 14, 2018) ("Metra can be liable * * * only pursuant to *Monell* * * *.")

7

related to its mistreatment of racial minorities [*id.*, ¶ 21]; (b) people complain online about Metra's racism [*id.*, ¶ 22]; (c) an academic article has been published about racism against racial minorities on public transit [*id.*, ¶ 23];[3] and (d) that the unnamed conductor conspired to allow the attack because he wanted to "even the score" with Metra and/or white people [*id.*, ¶ 29.] Even assuming that these allegations reach beyond conclusiveness, they, again, do nothing to help Plaintiff. They all suggest that Metra does not have a de facto policy of discriminating against *white* people—rather, accepting Plaintiff's allegations as true, Metra has a policy of discriminating against *Black* people. Thus, even if Metra has an implicit anti-Black policy, the alleged assault did not happen pursuant to it. Finally, there is no indication that the conductor of this one train is a "final" policymaker with "[r]esponsibility for making law or setting policy" on the topics of mediating disputes between passengers and/or racial violence. See *Rasche v. Vill. of Beecher*, 336 F.3d 588, 599 (7th Cir. 2003) (quoting *Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992)). The *Monell* claim against Metra is therefore dismissed with prejudice.

### 3. Plaintiff has leave to replead

As the Court hinted in its initial order allowing Plaintiff to proceed *in forma pauperis*, if the federal claims are dismissed, the Court will likely lose jurisdiction over the state claims. Here, however, there appear to be at least two federal claims outstanding: the § 1983 claim against the unnamed conductor, and the related § 1985 conspiracy claim. But, Plaintiff has not yet identified

---

[3] As a baseline, the Court may properly consider documents referenced in the complaint that are central to the claim; "[a] plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citations omitted) (discussing a recent newspaper story). The Court may thus consider materials referenced in the complaint or Plaintiff's opposition brief "for illustrative purposes." *Id.* The online abstract for the paper in question discusses how "ethno-racial minorities, particularly Blacks, experience racial hostilities that are often masked as *nice-nastiness*." Gwendolyn Y. Purifoye, "Nice Nastiness and Other Raced Social Interactions on Public Transport Systems," 14 City & Community 286 (Sept. 2015), available at https://onlinelibrary.wiley.com/doi/abs/10.1111/cico.12116 (last accessed March 9, 2020).

the conductor, and thus has "not adequately connect[ed] specific defendants to illegal acts." See *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (dismissing counts against unnamed defendants). In light of the Court's dismissal of the other federal claims, and the fact that Plaintiff is proceeding pro se, the Court grants Plaintiff leave to file one final amended complaint. In the complaint, Plaintiff must (1) name the conductor (that is, identify a specific defendant), and (2) state whether the conductor was employed by Metra or Union Pacific. As explained in the Court's previous orders, if the conductor was not acting under the color of state law, the Court will not retain jurisdiction. The Court further notes that Plaintiff may also need to explain whether the requested amendment "'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("Where an amended pleading changes a party or a party's name, [Federal Rule of Civil Procedure 15(c)] requires, among other things, that 'the party to be brought in by amendment [] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'")[4]

**B.    State Law Claims**

Both Metra and Union Pacific have moved to dismiss the various state law claims. Both parties have moved to dismiss because the claims are time-barred, but Metra, as a local public entity, has different arguments on that front than Union Pacific, a private corporation. Metra and Union Pacific also moved to dismiss on the alternative grounds that the state law claims are new and outside of what the Court had allowed in granting leave to amend.

---

[4] The complaint references security footage and an attempted prosecution of French, both of which Plaintiff appears to have some knowledge. Accordingly, Plaintiff should be able to identify the unnamed conductor without discovery, notwithstanding his self-reported disabilities.

### 1. The claims against Metra are time-barred

Metra has moved to dismiss the state law claims against it because the suit was filed well-past the one-year statute of limitations for civil actions brought "against a local entity or any of its employees." 745 ILCS 10/8-101. Plaintiff does not respond to this argument and has therefore waived these claims. *Bates*, 2019 WL 3554118, at *1 (citing *Lee*, 912 F.3d at 1054). In any event, Metra is correct that under Illinois law, "the one-year statute of limitations * * * applies to [Metra]." *Copes v. Northeast Illinois Regional Commuter R.R. Corp*, 45 N.E.3d 1123, 1132 (Ill. App. Ct. 2015); 70 ILCS 3615/5.03; see also *Hudson v. Northeast Illinois Regional Commuter Railroad Corporation*, 2018 WL 1762439, at *3 (N.D. Ill. Apr. 12, 2018) ("Although Illinois generally applies a two-year statute of limitations to personal injury claims, a personal injury suit against Metra or any other governmental entity must be brought within one year." (citations omitted)). Here, the alleged battery occurred on September 11, 2016 [29, ¶ 10], but Plaintiff did not file suit until almost exactly two years later, September 10, 2018 [1]. The state-law claims against Metra thus fall well outside of the one-year limitations period.

Plaintiff has not raised, or even gestured toward, equitable tolling in his response to Metra's motion to dismiss on this count, and therefore has waived the argument. *Bates*, 2019 WL 3554118, at *1 (citing *Lee*, 912 F.3d at 1054). Even then, there is simply not enough in the complaint or Plaintiff's briefs to suggest that the exception should be allowed here. Equitable tolling "'pauses the running of, or tolls a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Madison v. U.S. Dep't of Labor*, 924 F.3d 941, 946–47 (7th Cir. 2019) (quoting *Lozano v. Montoya-Alvarez*, 572 U.S. 1, 10 (2014)); see also *Sparre v. U.S. Dep't of Labor*, 924 F.3d 398, 402 (7th Cir. 2019) ("In this circuit, '[e]quitable tolling is granted sparingly only when extraordinary circumstances far

beyond the litigant's control prevented timely filing.'") (quoting *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 930 (7th Cir. 2015)). "It is the burden of the litigant who invokes equitable tolling to establish each of these two elements: diligence in the pursuit of her rights and the existence of an extraordinary circumstance that nonetheless stood in the way of her making a timely filing." *Madison*, 924 F.3d at 1232.

While the Court is not unsympathetic to Plaintiff's disability, he did not invoke this defense in his response brief, and therefore has not met his burden in demonstrating that he is entitled to such extraordinary relief. Moreover, Plaintiff has otherwise been able to meet deadlines and submit "intelligible" written work. See [35]. Plaintiff's complaint alleges that after the battery, he "suffered a worsening of an existing eye condition, multiple bruises and contusions, a laceration requiring sutures, and psychological effects including, but not limited to, depression, anxiety, sleep habit disruption, psychosis, a fear and distrust of Black persons, and fear of using the train." [29, ¶ 20.] The Court cannot infer from this that Plaintiff was incapable of filing the user-friendly, fill-in-the-blank complaint that initiated this case within the one-year statute of limitations as required by Illinois law. Accordingly, the state claims against Metra are dismissed with prejudice.

### 2. Plaintiff's amendment

Union Pacific also seeks dismissal of the state law claims on the additional grounds that they were not presented in the original, fill-in-the-blank civil rights complaint Plaintiff filed to open this case, and the Court did not give Plaintiff leave to make these amendments. But the Seventh Circuit has a "strong commitment to the idea that a plaintiff need not plead legal theories in her complaint." *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) (citations omitted). "While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by

citing to the wrong legal theory or failing to cite any theory at all." *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir.1999).[5]

In any event, it is not clear that Plaintiff's amendments either violated the Seventh Circuit's guidance regarding the sufficiency of a complaint, or the Court's original order granting leave to amend. The original complaint, construed liberally, at least hints at liability for negligence and intentional torts, along with the Illinois state constitutional action (which is based on almost identical language in the U.S. Constitution). Moreover, the Court instructed Plaintiff to provide "a more robust statement of facts" "that would support a claim that Defendants are state actors, violated Plaintiff's rights, *and/or engaged in any conduct that caused Plaintiff's injuries*." [25 (emphasis added)]; see also [8 at 1 n.1]. As is clear from both the original complaint and the Court's previous orders, state law claims (such as assault and battery) were always lurking in the background, and, in any event, the Court can neither strictly construe Plaintiff's original complaint nor require him to plead causes of action. The state law claims against Union Pacific live another day, but any further amended complaint that fails to state a claim almost certainly will be the last.

## IV. Conclusion

For the reasons stated above, Defendant Metra's and Defendant Union Pacific's combined motion to dismiss [30] is granted in part and denied in part. Plaintiff has until April 13 to submit an amended complaint in accordance with this order. The case is set for further status on April 21, 2020 at 9:00 a.m.

---

[5] Because the *facts* underlying the state law claims were included in the original complaint, Plaintiff's claims against Union Pacific were filed within the two-year statute of limitations. See Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when[] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.")

Dated: March 11, 2020						_____
							Robert M. Dow, Jr.
							United States District Judge